## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT J. THOMAS | : | |
| Plaintiff, | : | |
| V. | : | CIVIL ACTION NO.: 02-CV-3802 |
| ALTEGRA CREDIT COMPANY | : | |
| Defendant. | : | |

### ALTEGRA CREDIT COMPANY'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Altegra Credit Company ("Altegra"), by and through its undersigned counsel, for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

1. The averments of paragraph 1 constitute a conclusion of law to which no response is required.

2. The averments of paragraph 2 constitute a conclusion of law to which no response is required.

3. Admitted in part, denied in part. Altegra admits that the plaintiff is Robert J. Thomas. Altegra is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 3 and, therefore, denies the same.

4. Admitted.

5. Denied. Altegra is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 5 and, therefore, denies the same.

6. Denied. Altegra is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6.

7. Denied. As "the documents" are not identified, Altegra is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 that loan proceeds were to be used to pay plaintiff's bills. Answering further, to the extent that "the documents" refer to Exhibits A and/or B, said documents speak for themselves and, as such, no responsive pleading is required. Altegra is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7.

8. Denied. As "the loan documents" are not identified, Altegra is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8. Answering further, to the extent that "the loan documents" refer to Exhibits A and/or B, said documents speak for themselves and, as such, no responsive pleading is required. Altegra is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 regarding 'the Manual of Title Insurance Rating Bureau of Pennsylvania" and regarding plaintiff's beliefs. The balance of this averment constitutes a conclusion of law to which no response is required.

9. Admitted in part, denied in part. Altegra admits that plaintiff made approximately 48 payments and that said payments have reduced the loan balance. The balance of this averment is denied.

10. Admitted in part, denied in part. Altegra admits receiving a copy of Exhibit C. As to plaintiff's characterization of Exhibit C, Exhibit C is a written document that speaks for itself. As such, no responsive pleading is required. Altegra is without knowledge or information

sufficient to form a belief as to the truth of the remaining averments of paragraph 10 and, therefore, denies the same.

11. Denied. Altegra is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 11 and, therefore, denies the same.

12. The averments of paragraph 12 constitute conclusions of law to which no responses are required.

## COUNT ONE

13. Altegra incorporates its responses to paragraphs 1 through 12 as if set forth at length herein.

14. The averments of paragraph 14 constitute conclusions of law to which no responses are required.

15. The averments of paragraph 15 constitute conclusions of law to which no responses are required.

16. The averments of paragraph 16 constitute conclusions of law to which no responses are required. This averment is also denied in that the plaintiff's complaint is in writing, filed as a public record, and speaks for itself.

17 The averment of paragraph 17 constitutes a conclusion of law to which no response is required.

WHEREFORE, Altegra demands judgment in its favor and against plaintiff, and for such further relief as to the Court may appear just and proper under the circumstances.

## COUNT TWO

18. Altegra incorporates its responses to paragraphs 1 through 17 as if set forth at length herein.

19. The averments of paragraph 19 constitute conclusions of law to which no responses are required. To the extent the averment contains statements of fact, they are also denied.

20. The averments of paragraph 20 constitutes a conclusion of law to which no response is required.

WHEREFORE, Altegra demands judgment in its favor and against plaintiff, and for such further and other relief as to the Court may appear just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth a cause of action against Altegra upon which relief may be granted.

2. Plaintiff's claim for rescission is barred in that plaintiff failed to exercise her right of rescission in a timely manner.

3. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

4. Plaintiff's claims are barred by the doctrine of laches.

5. Plaintiff's claims are barred by the applicable statute of limitations.

6. Plaintiff's claims are barred by the doctrine of unclean hands.

7. Plaintiff's claims are barred by her failure to join an indispensable party.

8. No act or omission on the part of Altegra was or could have been the legal cause of harm, if any, suffered by the plaintiff.

9. Plaintiff's claims are barred in that all disclosures required to be made to the plaintiff have been timely made and any nondisclosures complained of by plaintiff were not material disclosures to be made by Altegra.

10. All fees and charges incurred by plaintiff in connection with the subject transaction were properly and accurately disclosed to plaintiff.

11. Plaintiff's claims are barred in that a good faith review by Altegra of the documents indicated that any and all disclosures which were necessary had been provided to plaintiff.

12. Any act or omission on the part of Altegra was an inadvertent error.

13. Plaintiff fails to set forth a material misrepresentation and/or unfair or deceptive act with the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S.A. §201-1, et seq., and particularly 73 P.S. § 201-2(4)(v) and (xxi).

14. No conduct on the part of Altegra created, or was likely to create, confusion or misunderstanding on the part of the plaintiff.

15. At all times, the subject loan was made in accordance with applicable law.

16. Plaintiff's claims are barred by Section 1640(c) of the Truth in Lending Act.

17. Plaintiff's claims are barred in that plaintiff has failed to comply with the provisions of the Truth in Lending Act.

18. At all time relevant hereto, Altegra acted in accordance with applicable law and in a commercially reasonable manner.

19. Plaintiff's claims are barred in that plaintiff's injury, if any, was the result of the actions and conduct of third parties over which Altegra had no control.

20. Plaintiff's claims are barred by the Statute of Frauds.

21. Plaintiff's claims are barred by the parol evidence rule.

WHEREFORE, Altegra demands judgment in its favor and against plaintiff, and for such further and other relief as to the Court may appear just and proper under the circumstances.

**WEIR & PARTNERS LLP**


By: /s/ Oliver D. Griffin, Esq.
    Susan Verbonitz, Esquire
    Oliver D. Griffin, Esquire
    Suite 500, The Widener Building
    1339 Chestnut Street
    Philadelphia, PA 19107
    (215) 665-8181
    (215) 665-8464 (fax)

    Attorneys for Altegra Credit Company

Dated: August 2, 2002

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. THOMAS | : | Civil Action No. 02-CV-3802 |
| Plaintiff, | : | |
| v. | : | |
| ALTEGRA CREDIT COMPANY, et al. | : | |
| Defendants. | : | |

### CERTIFICATION OF SERVICE

I, Oliver D. Griffin, Esquire, hereby certify that a true and correct copy of Altegra Credit Company's Answer and Affirmative Defenses to Plaintiff's Complaint was served upon plaintiff's counsel on August 2, 2002 by U.S. first class mail, postage prepaid, addressed to:

David A. Scholl, Esquire
Regional Bankruptcy Center of
Southeastern Pennsylvania
200 East State Street, Ste. 309
Media, PA 19063


  /s/  Oliver D. Griffin
Oliver D. Griffin, Esquire