UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. THOMAS<br>2538 North Jessup Street<br>Philadelphia, PA 19103<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALTEGRA CREDIT COMPANY<br>150 Allegheny Center<br>Pittsburgh, PA 15212-5356<br><br>　　　　　Defendant/ Third<br>　　　　　Party Plaintiff,<br>　　v.<br><br>GELT FINANCIAL CORPORATION,<br>950 Industrial Boulevard<br>Southampton, PA 18966<br><br>　　　　　Third Party Defendant. | CIVIL ACTION NO.: 02-CV-3802 |

**THIRD PARTY COMPLAINT OF PLAINTIFF ALTEGRA CREDIT COMPANY
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 14, AGAINST
<u>ADDITIONAL DEFENDANT GELT FINANCIAL CORPORATION</u>**

　　　　Altegra Credit Company asserts the following Claim against Gelt Financial Corporation, and avers as follows:

　　　　1.　　Altegra Credit Company (hereinafter "Altegra"), is a Delaware corporation, the Pennsylvania registered address of which is c/o C.T. Corporation system, 1515 Market Street St., Suite 1210, Philadelphia 19103.

157023-1

1

2. Gelt Financial Corporation (hereinafter "Gelt"), is a corporation organized and existing under the laws of Pennsylvania, with a place of business located a 950 Industrial Blvd., Southampton, Pennsylvania 18966.

3. On or about May 8, 1998, Robert J. Thomas (hereinafter "Thomas") entered into a loan agreement with Gelt (hereinafter the "Thomas Loan"), under the terms of which Gelt made a loan to Thomas in the principle amount of $16,800.00. As security for the Thomas Loan, Thomas granted a mortgage dated May 8, 1998 (the "Mortgage") to Gelt encumbering certain real property of Thomas.

4. On or about May 21, 1998, Altegra was assigned, for consideration, the Thomas Loan and Mortgage by Gelt.

5. On or about April 1, 2002, Thomas, by and through his counsel, sent a letter to plaintiff, as the assignee of Gelt, attempting to rescind the Thomas Loan.

6. On or about June 20, 2002, Thomas, by and through his counsel, filed an action against Altegra, seeking rescission of the Thomas Loan, among other things (hereinafter referred to as the "Lawsuit"). A true and correct copy of Thomas' Complaint is attached hereto and marked as Exhibit "A".

7. On or about August 2, 2002, Altegra filed an Answer and Affirmative defenses to the Complaint, a true an correct copy of which is attached hereto and marked as Exhibit "B".

8. Jurisdiction has been conferred upon this court by 15 U.S.C. section 1640(e) of the Federal Truth in Lending Act (hereinafter the "TILA"). Specifically, jurisdiction was conferred upon the filing of the Lawsuit by Thomas.

9. Venue is proper in this District.

## COUNT ONE - BREACH OF CONTRACT

10. Altegra incorporates by reference the allegations contained in paragraphs 1 through 9 of its Third Party Complaint against Gelt as if set forth at length herein.

11. The Thomas Loan, which is the subject of the instant proceeding was purchased by Altegra from Gelt pursuant to a certain Master Purchase and Sale Agreement (the "Agreement") entered into by and between Altegra and Gelt dated August 30, 1996. A true and correct copy of the Agreement is attached hereto and marked as Exhibit "C".

12. Pursuant to Article V, Paragraph 5.2(c) of the Agreement, Gelt represented and warranted to Altegra that all mortgage loan documents "(i) conform to all applicable laws and regulations; including, but not limited to, the Federal Truth and Lending Act and . . . all regulations promulgated pursuant thereto; (ii) are true, valid, genuine and complete in all respects; (iii) are enforceable against the borrower in accordance with their terms; and (iv) are subject to no defense, claim or disability, counterclaim, offset or pending bankruptcy . . . No defense, claim, disability, counterclaim, or offset as described above will arise against Altegra by virtue of the sale of the mortgage loan or assignment of the mortgage loan documents under this Agreement."

13. Pursuant to Article V, Paragraph 5.2(d) of the Agreement, Gelt represented and warranted to Altegra that all mortgage loan documents are completed in compliance with all applicable laws and regulations.

14. Pursuant to Article V, Paragraph 5.2(e) of the Agreement, Gelt represented and warranted to Altegra that "the Mortgage Loan shall not have been procured by fraud or fraudulent representation on the part of [Gelt]".

15. Gelt breached its contract with Altegra by, among things, violating paragraphs 5.2(c), (d) and (e) of the Agreement, which has exposed Altegra to liability, evidenced herein by the Lawsuit.

16. As a direct result of Gelt's breach of its contract, Altegra has and will continue to suffer damages.

WHEREFORE, Altegra demands judgment against Gelt for the full amount of the loan purchased by Altegra from Gelt, together with any further damages incurred by Altegra in connection with this Lawsuit, plus cost of suit and attorneys' fees, and for such further and other relief as to the Court may appear just and proper under the circumstances.

**COUNT TWO - INDEMNIFICATION UNDER CONTRACT**

17. Altegra incorporates by reference the allegations contained in paragraphs 1 through 16 of its Third Party Complaint against Gelt as if set forth at length herein.

18. Pursuant to Article XV, Paragraph 15.2 of the Agreement, Gelt agreed "to protect, indemnify and forever hold harmless Altegra . . . from and against any and all liabilities, costs and expenses (including attorneys fees), judgments, damages, claims, demands, actions or proceedings, by whosoever asserted, arising out of, resulting from or relating to any Mortgage Loan purchased by Altegra [pursuant to the Agreement],

157023-1                                    4

including but not limited to the claims of: (a) the Borrower with respect to any Mortgage Loans sold hereunder."

19. In accordance with its rights under the Agreement, Altegra has made demand upon Gelt for indemnification in connection with this action but Gelt has refused to indemnify and defend Altegra.

20. As a result of Gelt's failure to indemnify Altegra in connection with the claims asserted by the Thomas, Altegra has been forced to undertake a defense in this action and has, an may continue to suffer damages.

21. Pursuant to the terms of the Agreement, Gelt is liable over to Altegra for indemnification, plus costs of suit and attorneys' fees, and for the amount of any judgment obtained by Thomas against Altegra.

WHEREFORE, Altegra demands judgment against Gelt for indemnification for the full amount of Thomas' claims, plus cost of suit and attorneys' fees, and for such further and other relief as to the Court may appear just and proper under the circumstances.

## COUNT THREE - INDEMNIFICATION AND CONTRIBUTION

22. Altegra incorporates by reference the allegations contained in paragraphs 1 through 21 of its Third Party Complaint against Gelt as if set forth at length herein.

23. The loan which is the subject of this action was made by Gelt to Thomas.

157023-1                                     5

24. If Altegra is found to be any way liable to Thomas, then Gelt is alone liable for the losses alleged to have suffered by Thomas.

25. If Altegra is found to be any way liable to Thomas, then Gelt is liable over to Altegra for indemnification and/or contribution, plus costs of suit and attorneys' fees.

WHEREFORE, in the event Altegra is held liable to the Thomas, Altegra demands judgment over and under against Gelt for indemnification and/or contribution for the full amount of Thomas' claims, plus cost of suit and attorneys' fees, and for such further and other relief as to the Court may appear just and proper under the circumstances.

**WEIR & PARTNERS LLP**

By: /s/ Oliver D. Griffin
Susan Verbonitz, Esquire
Oliver D. Griffin, Esquire
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181
(215) 665-8464 (fax)

Richard J. Klein, Esquire
National City Corporation
National City Center
20 Stanwix Street-11th Floor
Pittsburgh, Pennsylvania 15222-4802
(412) 644-6089
(412) 644-6222 (fax)

Attorneys for Altegra Credit Company

Dated:   August 7, 2002

157023-1                                6