## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT J. THOMAS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **ALTEGRA CREDIT COMPANY** | : | **NO. 02-3802** |
| **Defendant/Third-Party Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **GELT FINANCIAL CORPORATION** | : | |
| **Third-Party Defendant.** | : | |

### SCHEDULING ORDER

**AND NOW,** this 7th day of August, 2002, following a Preliminary Pretrial Conference on said date,[1] the parties, through counsel, having reported that they are interested in discussing settlement, **IT IS ORDERED** that plaintiff shall provide defendant/third party plaintiff and third-party defendant with a demand on or before August 16, 2002.  On or before September 6, 2002, counsel shall jointly report to the Court in writing (letter to Chambers, Room 12613) with respect to whether or not the case is settled.  In the event the case has not settled on or before September 6, 2002, counsel shall include in their joint report a statement as to whether they believe a settlement conference before a magistrate judge might be of assistance in resolving the case and, if so, by what date they will be prepared for such a conference.

**IT IS FURTHER ORDERED** that the case shall proceed on the following schedule:

---

1.  Plaintiff and defendant/third-party plaintiff participated in the Conference; the Third-Party Complaint was filed on the day of the Conference and thus, the third-party defendant did not participate in the Conference.  In the event third-party defendant concludes that an amended scheduling order is required, it should present a proposed amended schedule, approved by all counsel, to the Court for consideration.

1.  All discovery shall proceed forthwith and continue in such manner as will assure that all requests for, and responses to, discovery will be served, noticed and completed by November 8, 2002;

2.  All trial exhibits shall be marked and exchanged on or before November 15, 2002;

3.  The parties reported that they did not plan to call any expert witnesses at trial;

4.  The parties reported that they did not plan to file any motions for summary judgment;

5.  All parties shall prepare and file with the Clerk of Court their Pretrial Memoranda, or Supplemental Pretrial Memoranda, in accordance with this Order and Local Rule of Civil Procedure 16.1(c) as follows:

    A.  Plaintiff - on or before November 22, 2002.

    B.  Defendant/Third-Party Plaintiffs/Plaintiff  - on or before December 4, 2002.

    C.  Third-Party Defendant - on or before December 11, 2002.

One (1) copy of each Pretrial Memorandum shall be served on the Court (Chambers, Room 12613) when the original is filed;

6.  The case will be placed on the Court's trial list on December 19, 2002;[2]

7.  Any party having an objection to: (A) the admissibility of any exhibit based on authenticity; and, (B) the admissibility for any reason (except relevancy) of any evidence expected to be offered, shall set forth separately each such objection in their Pretrial Memorandum.  Each objection shall describe with particularity the ground and the authority for the objection;

8.  If any party desires an "offer of proof" as to any witness or exhibit expected to be

---

2.  The case will be tried non-jury.  The estimated trial time is one (1) to two (2) days.

offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial;

9.  Because a witness may be unavailable at the time of trial as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary and a covering list of such objections supplied therewith;

10.  The parties shall meet to prepare a complete and comprehensive stipulation of uncontested facts pursuant to (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; two (2) copies of such stipulation shall be submitted to the Court (Chambers, Room 12613) at least three (3) days before the case appears on the trial list.  The original shall be filed with the Clerk of the Court;

11. At least three (3) days before the case appears on the trial list, each party shall submit to the Court (Chambers, Room 126l3) two (2) copies of (a) proposed findings of fact and conclusions of law, (b) motions in limine, and (c) a trial memorandum on the legal issues involved in the case.  The originals shall be filed with the Clerk of the Court; and,

3

12.  At the commencement of trial, the Court should be supplied with two (2) copies of each exhibit, and three (3) copies of a schedule of exhibits which shall briefly describe each exhibit.

**BY THE COURT:**

_____

**JAN E. DUBOIS, J.**